**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

KALONJI SKOU EWING, Petitioner,

v.

WARDEN OF FCI-EDGEFIELD, Respondent.

CIVIL ACTION NO. 9:15-1065-PMD-BM

**REPORT AND RECOMMENDATION**

This action was filed by the Petitioner, pro se, pursuant to 28 U.S.C. § 2241. Petitioner, a federal prisoner serving his sentence at the Federal Correctional Institution (FCI) located in Edgefield, South Carolina, asserts that he was wrongly sentenced as a career offender.

The Respondent filed a Response in Opposition to the Petition and a Motion to Dismiss on October 26, 2015. As the Petitioner is proceeding pro se, a Roseboro order was entered by the Court on October 27, 2015, advising Petitioner of the importance of a dispositive motion and of the need for him to file an adequate response. Petitioner was specifically advised that if he failed to provide an adequate response, his Petition could be dismissed. The Petitioner thereafter filed a response in opposition to Respondent's motion on November 17, 2015.

This matter is now before the Court for disposition.[1]

[1]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local (continued...)





**Background**

In May 2009, Petitioner was indicted for, among other things, conspiracy to distribute and possession with intent to distribute more than fifty (50) grams of cocaine base [Eastern District of North Carolina Docket Criminal Action No. 5:09-cr-151-FL-1 (E.D.N.C.), Docket Entry 1]; see also Attachment to Petition, p. 2. On October 6, 2009, Petitioner pled guilty pursuant to a written plea agreement to conspiracy to distribute and possession with intent to distribute more than fifty (50) grams of cocaine base, as charged in Count One of the Indictment. See Eastern District of North Carolina Docket Criminal Action No. 5:09-cr-151-FL-1 (E.D.N.C.), Docket Entries 23-25. [2] Petitioner's plea agreement contained the following waiver:

> [T]o waive knowingly and expressly all rights . . . to appeal whatever sentence is imposed, . . . and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to§ 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea.

See Eastern District of North Carolina Docket Criminal Action No. 5:09-cr-151-FL-1 (E.D.N.C.), Docket Entry 25, ¶ 2(c).

After Petitioner entered his guilty plea, a Presentence Investigation Report ("PSR") was prepared by the United States Probation Office, in which Petitioner was declared to be a Career

---

[1](...continued)
Rule 73.02(B)(2)(e), D.S.C. The Respondent has filed a motion to dismiss. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[2]While Court Docket Nos. 23 and 25 in Petitioner's North Carolina criminal case cannot be accessed by the Clerk's office on Pacer and were not provided by the parties, the facts cited from these documents have not been contested by the parties. Even so, where documents are cited to from another district, the parties should file those documents with the Court. The Respondent is therefore directed to provide these documents for the District Judge's review in this case within the time frame for filing objections to this Report and Recommendation.





Offender with an advisory guideline range of 262 to 327 months. PSR, ¶¶ 57-, 62. The statutory range on Count One was a minimum of 120 months and a maximum of life. PSR, ¶ 61. The government moved for a downward departure based on substantial assistance, and at sentencing on May 11, 2010, the Court granted the government's motion for downward departure and imposed a sentence of 228 months. See Eastern District of North Carolina Docket Criminal Action No. 5:09-cr-151-FL-1 (E.D.N.C.), Docket Entries 34-35[3]; see also Attachment to Petition, p. 3. Judgment was entered on May 11, 2010. See Eastern District of North Carolina Docket Criminal Action No. 5:09-cr-151-FL-1 (E.D.N.C.), Docket Entry 35.

Petitioner did not pursue a direct appeal. However, on June 20, 2012, Petitioner filed a motion under 28 U.S.C. § 2255 in the United States District Court for the Eastern District of North Carolina, asserting that, based on United States v. Simmons, 649 F.3d 237 (4th Cir. 2011)(en banc), he should not have been classified as a career offender, and that his advisory guideline range was therefore calculated incorrectly.[4] The government moved to dismiss the motion based on the waiver contained in the plea agreement. See Eastern District of North Carolina Docket Criminal Action No. 5:09-cr-151-FL-1 (E.D.N.C.), Docket Entry 45. On April 3, 2013, the United States District Court for the Eastern District of North Carolina dismissed the motion because Petitioner had waived his right to challenge his sentence in post-conviction proceedings. See Eastern District of North Carolina Docket Criminal Action No. 5:09-cr-151-FL-1 (E.D.N.C.), Docket Entry 47. Petitioner filed a notice

---

[3]While Court Docket No. 34 in Petitioner's North Carolina criminal case cannot be accessed by the Clerk's office on Pacer and were not provided by the parties, the facts cited from these documents have not been contested by the parties. See footnote No. 2, supra.

[4]In Simmons, the Fourth Circuit addressed whether a certain North Carolina conviction could serve as a predicate "felony drug offense" for purposes of a sentencing enhancement under the Federal Controlled Substance Act. Simmons, 649 F.3d at 249.





of appeal; see Eastern District of North Carolina Docket Criminal Action No. 5:09-cr-151-FL-1 (E.D.N.C.), Docket Entry 49; and on September 4, 2013, the Fourth Circuit dismissed Petitioner's appeal of the district court's dismissal of his § 2255 motion. See United States v. Ewing, 539 Fed.Appx. 168 (4th Cir. 2013).

On December 2, 2013, Petitioner attempted to again challenge his career offender designation in light of Simmons in a motion filed pursuant to 28 U.S.C. § 1651. See Eastern District of North Carolina Docket Criminal Action No. 5:09-cr-151-FL-1 (E.D.N.C.), Docket Entry 56. On December 17, 2013, the district court summarily denied that motion. See Eastern District of North Carolina Docket Criminal Action No. 5:09-cr-151-FL-1 (E.D.N.C.), Docket Entry 58.

Petitioner then filed the instant petition dated March 2, 2015, this time asserting his claim pursuant to § 2241 and naming the Warden of FCI Edgefield in the District of South Carolina (where Petitioner is housed) as the respondent. Ewing v. Warden, No. 9:15-1065-PMD-BM, Court Docket No. 1. In this § 2241 petition, Petitioner initially again sought relief based on Simmons arguments similar to those made to the North Carolina District Court in his § 2255 petition. See Petition. However, on August 3, 2015, Petitioner filed a document asserting that he was now entitled to relief pursuant to the holding in Johnson v. United States, 135 S.Ct. 2551 (2015).[5] Petitioner also filed a status inquiry on April 22, 2016, noting the Supreme Court's decision in Welch v. United

---

[5]Johnson, which dealt with an armed career criminal (ACCA) designation, was not decided until after Petitioner filed this petition. "Federal law makes the possession of a firearm by a felon a crime punishable by a prison term of up to 10 years, but the ACCA increases that sentence to a mandatory 15 years to life if the offender has three or more prior convictions for a "serious drug offense" or a "violent felony." The so-called residual clause included in the definition of "violent felony" any felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). In Johnson, the Supreme Court held that clause unconstitutional under the void-for-vagueness doctrine. Johnson, 135 S.Ct. at 2557." Melbie v. May, No. 15-3174, 2016 WL 1624291, at *1 (D. Kan. Apr. 25, 2016).





States, No. 15-6418, 2016 WL 1551144, at * 11 (S.Ct. Apr. 18, 2016), which held that the holding in Johnson was to be applied retroactively to cases on collateral review.

Although Petitioner was not sentenced under the ACCA, but was instead sentenced under the "career offender" residual clause of Guidelines §§ 4B1.1 and 4B1.2, he seeks to apply the Johnson holding to his designation as a "career offender". See United States v. Travis, No. 14-104, 2016 WL 843281 at * 4 (E.D.N.C. Mar. 1, 2016)["Johnson's effect on the identically-worded provision of the career offender enhancement, U.S.S.G. § 4B1.2(a)(2), is an open question in this circuit."]; Barnhart v. Saad, No. 15-99, 2016 WL 347340 at * 4 n. 4 (N.D.W.Va. Jan. 28, 2016)["District courts in the Fourth Circuit have reached divergent conclusions on the issue of whether Johnson is applicable to the corresponding residual clause of Guidelines § 4B1.2(a)(2)."](citing cases).

**Discussion**

As noted, Petitioner is attempting to pursue his claim in this Court under 28 U.S.C. § 2241. Prior to enactment of 28 U.S.C. § 2255, the only way a federal prisoner could collaterally attack a federal conviction was through a petition for a writ of habeas corpus pursuant to § 2241. See Triestman v. United States, 124 F.3d 361, 373 (2d Cir. 1997). However, in 1948 Congress enacted § 2255 primarily to serve as a more efficient and convenient substitute for the traditional habeas corpus remedy. See In re Dorsainvil, 119 F.3d 245, 249 (3rd Cir. 1997)(collecting cases). Now, "a prisoner who challenges his federal conviction or sentence cannot use the federal habeas corpus statute at all but instead must proceed under 28 U.S.C. § 2255." Waletzki v. Keohane, 13 F.3d 1079, 1080, (7th Cir.1994). Hence, since the Petitioner is seeking relief from his conviction and sentence, the relief requested by the Petitioner in the above-captioned matter is available, if at all, under § 2255.





See United States v. Morehead, No. 97-391, 2000 WL 1788398 (N.D.Ill., December 4, 2000):

> Regardless of how a defendant captions a pleading, "any post-judgment motion in a criminal proceeding that fits the description of § 2255 ¶ 1 is a motion under § 2255...." United States v. Evans, 224 F.3d 670, 672 (7th Cir. 2000). In the pleading at bar, [the defendant] argues that the court did not have jurisdiction over his criminal case, which is one of the bases for relief under § 2255 ¶ 1. Therefore, this court must construe this motion as a § 2255 motion.

United States v. Morehead, supra.

In order to instead proceed with his claim in this Court under Section 2241, Petitioner would be required to show that a Section 2255 motion is inadequate or ineffective to test the legality of his convictions or sentences. 28 U.S.C. § 2255(e). The fact that Petitioner has already had a § 2255 motion denied by the sentencing court, as is the case here, is not in and of itself sufficient to demonstrate that a § 2255 motion at this time would be inadequate or ineffective. See In re Avery W. Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997)[remedy afforded by § 2255 is not rendered inadequate or ineffective because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion]; Atehortua v. Kindt, 951 F.2d 126, 129 (7th Cir. 1991)[petitioner who has failed to demonstrate that § 2255 motion is inadequate to test the legality of his detention is barred from filing a habeas petition under § 2241]. Rather, the Fourth Circuit Court of Appeals has set forth a three part test to determine if a §2255 motion would be inadequate or ineffective in In re Jones, 226 F.3d 328, 333-34 (4th Cir.2000), holding that a petitioner must show that "(1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the





gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." Jones, 226 F.3d at 333-334.

Petitioner has not set forth any set of facts which could be construed to meet the prongs announced in Jones, as Johnson announced a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court. 28 U.S.C. § 2255(h); see Welch v. United States, No. 15-6418, 2016 WL 1551144, at * 11 (S.Ct. Apr. 18, 2016); see also White v. Wilson, No. 15-3700, 2016 WL 1555699 at *2 (D.Minn. Apr. 18, 2016)[dismissing § 2241 petition, because Petitioner can seek authorization to file a second 28 U.S.C. § 2255 petition to seek relief under Johnson]; cf King v. Werlich, No. 16-300, 2016 WL 1583936 (S.D.Ill. Apr. 20, 2016)[Held that "because Johnson announced a new rule of constitutional law, the holding of Johnson cannot be the basis for a § 2241 petition", but adding that "it may present grounds for filing a second or successive § 2255 motion," which would require permission from the appropriate court of appeals]; In re Robinson, No. 16-11304, 2016 WL 1583616 at *1, ___ F.3d ___ (11th Cir. Apr. 19, 2016); see Travis, 2016 WL 843281, at * 4 ["Johnson's effect on the identically-worded provision of the career offender enhancement, U.S.S.G. § 4B1.2(a)(2), is an open question in this circuit."].

As a result, this court does not have jurisdiction to entertain Petitioner's Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241.[6] Rather, in light of Welch and Johnson, Petitioner

[6]Even if Petitioner was still attempting to obtain relief under Simmons, instead of Johnson, the undersigned is constrained to note that the Fourth Circuit has already rejected his § 2255 petition (which had attempted to raise a Simmons claim) and the substantive law with respect to this claim has not changed since his first § 2255 was decided. United States v. Ewing, 539 Fed.Appx. 168 (4th Cir. Sept. 4, 2013); see Miller v. United States, 735 F.3d 141, 147 (4th Cir. Aug. 21, 2013).





may seek permission to file a successive § 2255 petition with the Fourth Circuit.[7] Scott v. Wilson, No. 15-333, 2016 WL 1626593 (E.D.Va. Apr. 21, 2016)[Dismissing § 2241 petition for relief under Johnson, but noting that if the petition is successive that Petitioner will need to seek a certificate of appealability from the Fourth Circuit]. The undersigned expresses no opinion on the merits of Petitioner's arguments.[8] Cf. Dodd, 545 U.S. at 360.

## Conclusion

Based on the foregoing, it is recommended that the Respondent's motion to deny Petitioner's habeas petition be **granted**, and that this Petition be **dismissed, without prejudice.**

The parties are referred to the Notice Page attached hereto.[9]

May 10, 2016
Charleston, South Carolina

Bristow Marchant
United States Magistrate Judge

[7]Petitioner is advised that his time for doing so may expire on June 26, 2016. Cf. Dodd v. United States, 545 U.S. 353, 360 (2005); Johnson, 135 S.Ct. 2551; see King, 2016 WL 1583936, at * 3 [Noting one year filing requirement].

[8]See Barnhart, 2016 WL 347340 at * 4, n. 4 ["District courts in the Fourth Circuit have reached divergent conclusions on the issue of whether Johnson is applicable to the corresponding residual clause of Guidelines § 4B1.2(a)(2)."](citing cases). The undersigned is also mindful that Petitioner signed an appeal waiver, which was found valid in his earlier § 2255 proceeding. See discussion, supra. However, since this Petition cannot proceed in this Court under § 2241, there is no need to address that issue in this opinion.

[9]As the Petitioner now cites Johnson v. United States as a basis for his requested relief, pursuant to Standing Order No. 3:15-mc-325-TLW (D.S.C. Oct. 9,2015), the Clerk of Court is directed to send a copy of this Report and Recommendation to the Federal Public Defender for such evaluation and action as may be deemed appropriate by that office. See Standing Order No.3: 15-mc-325-TL W (D.S.C. Oct. 9, 2015)[authorizing the Federal Public Defender to contact and represent defendants impacted by the Supreme Court's decision in Johnson].

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).



